Case 3:21-cv-00129   Document 31   Filed on 06/17/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DENNIS STROTHERS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:21-cv-00129 |
| | § | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Plaintiff Dennis Strothers ("Strothers") seeks judicial review of an administrative decision denying her applications for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Strothers and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 28 and 29. After reviewing the briefing, the record, and the applicable law, Strothers's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**.

## BACKGROUND

Strothers filed applications for disability benefits under Title II and Title XVI of the Act in January 2019, alleging disability beginning on August 1, 2016. His application was denied and denied again upon reconsideration. Strothers then requested a hearing before an Administrative Law Judge ("ALJ"). Before the hearing, Strothers died. His son was added to the proceeding as a substitute party.[1]

---

[1] David Ryan Strothers, the son of Dennis Strothers is also the substitute party in this case. For the purpose of this opinion, I still refer directly to Dennis Strothers as "Strothers."

Ultimately, the ALJ denied Strother's application. Strothers filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4)

whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Strothers "did not engage in substantial gainful activity from August 1, 2016, the alleged onset date, through March 31, 2018, his date last insured." Dkt. 18-3 at 27.

The ALJ found at Step 2 that Strothers suffered from "the following severe impairments from August 1, 2016 through March 31, 2018: degenerative disc disease, chronic kidney disease, obesity, chronic obstructive pulmonary disease, right shoulder impairment, and bipolar disorder." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Strothers's RFC as follows:

> [T]he the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he could have occasionally balanced, stooped, knelt, crouched, and crawled; could have occasionally climbed ramps or stairs; should have never climbed ladders, ropes or scaffolds; could have frequently reached with the right (dominant) upper extremity; should have never worked in hazardous environments such as at unprotected heights or around

3

>moving mechanical parts; was limited to simple, routine, and repetitive tasks; and could have worked in a low stress job, defined as making only occasional decisions and tolerating only occasional changes in the work setting.

*Id.* at 30.

At Step 4, the ALJ found that Strothers was "unable to perform any past relevant work." *Id.* at 35. At Step 5, considering Strothers's age, education, work experience, RFC, and the testimony the vocational expert, the ALJ concluded that Strothers was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and, consequently, was not disabled. *Id.* at 36–37.

## DISCUSSION

This social security appeal presents several arguments. I will discuss each in turn.

First, Strothers argues that the ALJ failed to evaluate the testimony of his son, who testified at the administrative hearing. I disagree. Within the RFC portion of the hearing decision, the ALJ included a heading titled "Claimant's Allegation." *Id.* at 31. Under that heading, the ALJ discussed Strothers's alleged disability, as well as testimony that his son offered at the hearing. *See id.* To be clear, Strothers died before the administrative hearing, so his son testified on his behalf. After recounting Strothers's allegation and his son's testimony, the ALJ explained:

>[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

*Id.* In my view, this language, which is also located under the "Claimant's Allegation" heading, clearly applies to both Strothers's allegations and his son's hearing testimony. *See id.*

Second, Strothers argues that "the ALJ failed to refer, evaluate, or analyze encephalopathy and its relationship to [his] RFC." Dkt. 28 at 9. This argument is unpersuasive. As far as I can tell, encephalopathy is mentioned only once in the medical record. *See* Dkt. 18-14 at 25. Significantly, it is listed as the reason for admission, while the same medical record notes that the final diagnosis at the conclusion of that admission was bipolar disorder and B12 deficiency. *See id.* In other words, encephalopathy was merely a feature of the ultimate diagnosis of bipolar disorder. The ALJ clearly considered Strothers's bipolar disorder. Indeed, the ALJ included it among Strothers's severe impairments, *see* Dkt. 18-3 at 27, and extensively discussed it in the RFC section of the decision. *See id.* at 32–33.

Third, Strothers seems to challenge the ALJ's weighing of the medical evidence related to his bipolar diagnosis. *See* Dkt. 28 at 11–15. Specifically, Strothers argues that the medical records "indicate that [he] suffers from more than a 'mild' limitation in the domains of interacting with others, and concentrating, persisting and managing pace; and more than 'moderate' limitations in the domain of adapting and managing oneself." *Id.* at 15. In advancing this argument, Strothers does not contend that the ALJ failed to discuss or acknowledge the medical records. Instead, Strothers simply disagrees with the ALJ's interpretation of the medical records and asks me to interpret the documents in his favor. As I've explained so many times before, I cannot reweigh the evidence. *See Ramirez*, 606 F. App'x at 777.

Next, Strothers quibbles with the ALJ's reliance on the opinion of a state agency medical consultant. *See* Dkt. 28 at 15. Specifically, he argues that the medical opinion should not have been relied upon because it was based on an incomplete record. Strothers's fourth argument fails. This is not a situation where the ALJ relied upon only one medical opinion. Here, the ALJ relied upon several medical opinions, *see* Dkt. 18-3 at 34–35, meaning even if the ALJ disregarded one

5

of the relevant medical opinions, the RFC determination would remain supported by substantial evidence.

Fifth, Strothers challenges the ALJ's determination that he could frequently reach with his right arm. *See* Dkt. 28 at 16. Boiled down, Strothers contends that a medical record from January 2017 noted his limited range of motion due to right shoulder pain, but no medical opinion described it in terms of functional limitations. Thus, Strothers argues that the ALJ's determination that he can frequently reach with his upper right extremity is not supported by substantial evidence. This argument misses the mark. While true, the January 2017 medical record mentions that Strothers was experiencing mobility issues regarding his right shoulder. However, as expressly noted by the ALJ, a short time later, "[Strothers] had generally normal physical examinations, as he had normal gait, used no assistive device to ambulate, had normal coordination, had normal range of motion in all extremities, had full strength in all extremities, and had normal sensation." Dkt. 18-3 at 32. In other words, at the most, the medical record contains conflicting evidence regarding Strothers's right shoulder. The Commissioner has resolved the conflict. It is not my role to reweigh or second-guess that administrative decision. *See Ramirez*, 606 F. App'x at 777.

Lastly, Strothers argues that the ALJ's determination is inherently contradictory. Specifically, Strothers contends that the ALJ's determination that he could not perform his past relevant work at the medium level—which was based on the testimony of the vocational expert—conflicts with the ALJ's determination that he can work as a laundry worker or courtesy clerk at the medium level. This argument is off-base. When opining on Strothers's ability to perform his past relevant work, the vocational expert considered the functional limitations the ALJ described in his RFC determination. *See* Dkt. 18-4 at 42. The vocational expert testified that, given Strothers's RFC, he could not perform his past relevant work as a pest control worker, small business owner, or lead generator/sales

6

representative. The vocational expert then went on to describe *other* medium-level jobs in the national economy that Strothers could perform, notwithstanding his RFC. *See id.* at 43. Those jobs included laundry worker and courtesy clerk. There is nothing contradictory about the vocational expert's testimony; therefore, the ALJ's decision relying on that testimony is not inherently contradictory.

## CONCLUSION

For the reasons provided above, Strothers's motion for summary judgment (Dkt. 28) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 29) is **GRANTED**.

SIGNED this 17th day of June 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE